Tucker, P.
This cause has been argued with very great ability by the counsel on both sides, and the court is much indebted to them for the light which has been shed upon the various points in the case.
. The appellee’s claim of dower in the Neiu Mills Sfc. is contested, first, because, as is alleged, the property was purchased, held, used and paid for, as partnership property; and therefore was chargeable with partnership liabilities, and properly to be regarded as personal estate, not liable to any dower right of Calhoun’s widow. Whatever doubts may have heretofore existed, as to the light in which real property is to be considered, when *273 bought and used by a commercial partnership for the purposes of the concern, it is now well settled, that it is to be looked upon as forming a part of the partnership iimds. Such is, at present, the received doctrine England: Phillips v. Phillips, 1 Mylne & Keene 649. Broom v. Broom, 3 Id. 443. Randall v. Randall, 7 Sim. 271. 7 Cond. Eng. Ch. Rep. 208. 9 Id. 118. 10 Id. 52. and so, this court has decided; Pierce’s adm’r v. Trigg’s heirs, 10 Leigh 406. In the present case, however, I look upon the partnership as not comprehending the mills and land: I consider Wheatley and Calhoun as joint owners of the realty, and partners only in the milling business carried on upon the property. There may, indeed, be partnerships in the business of milling, or mining, or farming; but unless the intent of the joint owners to throw their real estate into the fund as partnership stock, is distinctly manifested, or unless the real property is bought out of the social funds, for partnership purposes, it must still retain its character of realty. Considering the partnership as a third person, the titles of the individual partners cannot be passed to it, perhaps, without violating the statute of frauds, unless it be by express agreement in writing, or unless, by purchasing with partnership funds, an implied trust is raised in its favour. In this case, I see nothing from whence to infer, that there was any design on the part of these joint purchasers, to convert their real estate into partnership stock; nor am I better satisfied, that the property was purchased with, or paid for out of, partnership funds. To raise a trust by such purchase, it must have been made at the time with partnership funds, or on partnership responsibility. The payment, incidentally, out of those funds, of an instalment due upon an antecedent contract on individual responsibility, cannot raise such a trust, or give title to any thing but reimbursement. .Now, here, the purchase was on individual responsibilities. The parties gave their bonds, which hound each *274 and his hens for his own part, as between themselves, though both were bound for the whole to the vendor. The payments, therefore, if they had been made with ^ partnership funds, would not have converted the }an(j jnto partnership property. But the payments were, in fact, ultimately made by Wheatley himself, whose right to reimbursement rests on principles wholly different.
This brings us to the second point; ■ and here, I think it clear, that the deed of trust of Wheatley and Calhoun to Roberts of March 1824, was paramount to the widow’s right of dower. Though it does not appear to have been executed at the same time with the deed of conveyance to them, yet it was so contracted for, and the two instruments must therefore, in equity, be regarded as parts of the same transaction. Gilliam v. Moore, 4 Leigh 30. The dower right of the wife must therefore be subordinate to the deed of trust.
Next, it is to be seen whether that deed of trust is yet in force. It would seem to be so in the strictest sense, for the whole purchase money has not even yet been paid. But even if it had been, I should be clearly of opinion, that it was kept alive for the benefit of Wheatley, so far as he has made payments beyond his just proportion of the debt. Admitting (what I am not yet disposed to concede) that when a surety pays off a bond, there is nothing to which he can be substituted, as the security is gone, yet the same inference cannot be drawn in relation to a deed of trust. If the surety for the debt has paid it, still the title is outstanding in the trustee, and is in the power of a court of equity, which will apply it to his indemnification. The technical objection that the remedy is gone, and there is nothing to assign, cannot prevail; and the court will act upon the conscience of the trustee, and compel him to execute the trust for the benefit of him who stands in the shoes of the creditor.
*275 Had the sale, then, been under the first deed of trust 7 7 of March 1824, there would, 1 think, be an end of the case. But it was not; and, of course, the equity of redemption under that deed has never been foreclosed, to any rights of the widow. She was, without question, entitled to dower in that equity of redemption, to the extent to which her husband Calhoun had made payment of his proportion of the purchase money. In other words, if upon a sale, there should be an excess over and above the debt secured, that excess, being the measure of the equity of redemption, would belong to Calhoun and Wheatley, in the proportions in which they have paid the purchase money, and Calhoun’s widow would have her dower in her husband’s portion.
With this view of the case, I am of opinion, that if mrs. Calhoun shall ask a resale of the trust property, she will be entitled to it; and if there be an excess over and above the purchase money, she will be entitled to her dower interest out of Calhoun’s portion of it. In the event of such claim being asserted, accounts should be directed to ascertain what proportion of the purchase money has been paid by Calhoun, what out of the partnership funds, and what by Wheatley, it being obvious, l think, that Wheatley, if he has overpaid, is entitled, by substitution, to resort to the deed of trust for reimbursement.
The other judges concurred.
The decree of this court declared, that on the joint purchase by Wheatley and Calhoun of The New Mills and 200 acres of land, a contingent right of dower in a moiety thereof accrued to the wife of Calhoun, subordinate, however, and subject to the lien for the purchase money; and had that lien been discharged by the payment, by the purchasers respectively, of moieties of the purchase money, the dower right would have prevailed *276 over any claim of the surviving partner for a general balance on the settlement of the partnership accounts. That the lien for the purchase money, being an express term of the contract of purchase, was paramount to the claim of dower, the efficacy of which lien in overreaching the dower right, was in no degree impaired by the delay in executing the deed of trust, whereby the purchase money was stipulated to be seemed; and that deed being executed in fulfilment of one of the stipulations of the contract, has, in respect to the dower right in question, the same effect in equity, to all intents, as if executed uno flatu with the conveyance to Wheatley and Calhoun. That so far as either of the joint purchasers, Wheatley or Calhoun, shall have paid more than a moiety of the purchase money, or so far as the purchase money may have been paid by the partnership of Wheatley Sp Calhoun, the deed of trust to secure the purchase money stands as a security for the partner or the partnership; and the partner, or the partnership, is entitled to be subrogated thereto, for reimbursement ; and to these rights, so fax as Wheatley is interested in them, the dower right is subordinate; so that it attaches only to one moiety of the surplus after satisfying the claim of Wheatley for payment of the purchase money made by himself, or by the partnership of Wheatley Sp Calhoun. That this claim of dower in property of the nature of an equity of redemption, has not been foreclosed by the sale under the deed of trust of May 1830, to indemnify the endorsers of the notes of Wheatley Sp Calhoun, which were originally given to provide the means of paying the latter instalments of the original purchase money; and the appellee has still the right to have a resale, should she think proper to claim it, and to have dower of the moiety of excess of the sum produced by such resale, above the amount which, on the taking of the proper accounts, may appear to be necessary to discharge the claims of Wheatley for the payments on ac *277 count of the purchase money, made by himself or the partnership of Wheatley Calhoun. And that the appellee is not entitled to dower in the 221 acres of land her husband contracted to purchase of Wheatley by the articles of October 1822, the contract therefor never having been carried into effect, and the same having been rescinded and abandoned, while it was yet wholly ex-ecutory, and before the payment of the purchase money was completed, or the legal or equitable possession or seisin of the land acquired by the purchaser. And that the decree of the circuit superior court was erroneous. Therefore, it was reversed with costs &c. And the cause was remanded for further proceedings to be had therein according to the principles above declared; and in case the appellee should not, within a reasonable time, choose to assert her claim to dower on those principles, and to that end, ask a reference to a commissioner to take the proper accounts, then her bill to be dismissed, but without costs.