# CHARLESTON.

## KECK *v.* ALLENDER, *et al.*

Submitted June 13, 1892.—Decided December 3, 1892.

37 201
38 677
37 201
40 165
37 201
42 422
37 201
44 17
37 201
d46 750
37 201
54 643
37 201
56 598
e57 24
37 201
58 332
37 201
59 239
60 133
60 139

1. SALE—PRIORITY OF LIENS.

Where there are various liens on lands of a judgment-debtor, it is error to decree a sale of his lands to satisfy the same without first ascertaining the amount of said liens and their priorities; for the reason that to decree such sale before ascertaining the amount of the several liens and their respective priorities has a tendency to sacrifice the property by discouraging the creditors from bidding as they probably would, if their right to satisfaction of their debts and the order in which they were to be paid out of the property, had been previously ascertained.

2. COMMISSIONER OF COURT—REPORT—PRESUMPTION.

A report of a commissioner, unless excepted to in time, will be presumed to be correct, not only as to the principles of the account but as to the evidence also.

3. LACHES—PRIORITY OF LIENS—BILL OF REVIEW.

A party to a suit who has a lien against land which is sought to be subjected, who has had notice of the time and place of ascertaining the liens against the same and the amounts and priorities thereof, who fails to attend before said commissioner at the time of settling said account, or to except to the same after it is stated, after the report of the commissioner has been confirmed and a sale decreed, reported, and confirmed, and the proceeds directed to be distributed in accordance with the priorities so ascertained, will not be allowed to have the order of said priorities changed on petition in the nature of a bill of review, unless the error complained of in ascertaining said priorities appears on the face of the decree, or he sufficiently accounts for his laches.

4. LACHES.

Where defendants have had ample time to make a defence to a suit, and have not done so, and show no reason why they have not before made such defence, they can not be permitted to come in at the last moment and raise such defence, and have the cause sent back to a commissioner or otherwise delayed. The answer raising such defence may be filed, although under such circumstances it can not delay the hearing of the cause.

*O. Johnson*, for appellees:

I.—*Pickenpaugh and Reed should have been placed second in priority.*—Code, c. 75, s. 3 ; Code, c. 74, s. 5.

II.—*They did not lose this right by laches.*—Code, c. 133, s. 5; Code, c. 134, s. 6.

III.—*The bill of review was properly filed for errors; all the necessary parties answered; and the decree was proper.*—2 Rob. (old) Pr. 415 ; 3 Paige 368; 19 W. Va. 167.

IV.—*The notice gave sufficient ground for correcting the errors on motion. The answers were filed too late.*—6 W. Va. 465.

　1.—The decree was on bill taken for confessed—25 W. Va. 133; 24 W. Va. 586 ; 20 W. Va. 343.

　2.—Proper parties were made to the notice.—Code, c. 134, s. 5.

　3.—The errors appeared on the face of the Commissioner's report.—25 W. Va. 244.

　4.—If not, they did so appear, when read in connection with the bill, the allegations of which were not controverted.—25 W. Va. 563.

V.—*There is nothing in the objection that P. & R. did not have the errors corrected before confirmation of sale.*—25 W. Va. 109.

*R. L. Berkshire* counsel for appellees cited Code (1887) c. 75, s. 2; 26 W. Va. 563 ; 24 W. Va. 244.

*A. F. Haymond,* for appellant cited 14 W. Va. 581; 19 W. Va. 438; 16 W. Va. 791, p't 12 Syl.; 21 W. Va. 262 ; 10 W. Va. 645 ; 8 W. Va. 218 ; Id. 174; 17 Gratt. 85 ; 12 W. Va. 213; 2 H. & M. 422; 14 W. Va. 559 ; 13 W. Va. 440, 461 ; 6 Rand. 641 ; 2 Rob. (old) Pr. 416 ; Sto. Eq. Pl. § 307; 6 W. Va. 465 ; 20 W. Va. 445, 446 ; 3 Br. Ch'y Rep. 640;.17 Gratt. 384 ; 18 Gratt. 364, p't 9, Syl.; Code, c. 134, s. 5.

Enqlish, Judge :

This was a suit in equity brought by Philip H. Keck, trustee, against Elisha C. Allender and others, in the Circuit Court of Monongalia county. The plaintiff in his bill alleges that he is trustee in a certain deed of trust executed by the defendant Elisha C. Allender and wife to him, bearing date the 3rd day of September, 1886, and duly recorded in the clerk's office of the County Court of said county, conveying certain.real and personal estate therein

mentioned to such trustee to secure the payment of sundry debts therein mentioned, and to indemnify and save harmless certain sureties of the grantor, Allender, therein also named, with the priorities therein set forth, a copy of which trust-deed was exhibited; the execution of which deed of trust the plaintiff accepted; and the debts thereby so secured not having been paid before the 1st day of January, 1887, nor yet, the plaintiff, as such trustee, was required to proceed to make sale of said property so conveyed according to the requirements of said trust-deed.

But the plaintiff states, that, when he came to examine the matter with the view of giving the notice of sale as required by law, he found, that it would be manifest error to do so, until the legal title was got in for the realty so conveyed by the trust, and until the amounts and priorities of lien-debts against said property was first ascertained;— that it was found that as early as the 10th day of October, 1873, the said Elisha C. Allender and his then wife had executed a deed of trust on said realty property, except the mill, to J. M. Hagans, trustee, to secure the Morgantown Building Association in the sum of five hundred dollars, which trust-deed was duly recorded, a copy of which was also exhibited, and several other copies of deeds of trust executed by said Allender and wife were also exhibited.

Plaintiff alleges that he has no adequate means of determining the amount of said trust-liens or any of them, nor the precise or accurate priorities of many of said liens, without the aid of a court of equity;—that besides said trust-liens he found on the mechanics' lien docket three several unreleased mechanics' liens on said real estate— one in favor of William H. Houston of seventy five dollars and eighty three cents, recorded the 6th of October, 1883, a copy of which was exhibited; another in favor of James P. Berkshire for one hundred and thirty eight dollars and eighty two cents, recorded on the 2nd day of October, 1883, a copy of which was also exhibited; also another in favor of Thornton Pickenpaugh for three hundred and sixty one dollars and fifty six cents, recorded on the 29th day September, 1883, a copy of which was also exhibited. Plaintiff further alleges that, as he was informed, some

payments had been made on these liens, but to what extent he was not informed, and, as he was informed, said James P. Berkshire had assigned his entire claim and lien to said Pickenpaugh, who was now the owner of the same;—that there were several judgments entered upon the judgment-lien docket of said county, against said Allender, constituting liens upon said real estate so far as the same remain unsatisfied, and the names of said judgment-creditors and the amounts and dates of their judgments are set forth and copies thereof exhibited.

The plaintiff prayed that said cause might be referred to a commissioner to ascertain and report the several liens against the said property and their several priorities;—that a receiver be appointed to take charge of and operate a mill owned by said Allender;—and that a sale of said property be decreed, and the proceeds distributed according to the rights of the parties.

The defendants accepted service of process, and agreed that the cause might be placed on the docket at the February term, 1887, and by consent a decree of reference was ordered to a commissioner to ascertain and report the liens and their priorities in the bill mentioned, or existing against the property in the bill mentioned; and by like consent it was agreed that a receiver be appointed by said court to take charge of said mill property, and run or use the same to the best advantage of said creditors, until a sale of said property should be made, or until the further order of the court.

On the 18th day of June, 1887, a decree was rendered in said cause, at which time the same was heard on the papers theretofore read therein, and upon order made therein at the February term of said court, and upon the report of Commissioner M. M. Dent, made in pursuance of said order, and filed June 13, 1887; and said report appearing to be regular on its face, and there being no exceptions taken or filed to said report, the same was thereby approved and confirmed.

On consideration whereof it was adjudged, ordered and decreed that the several claims and priorities thereof stand and remain as in said report stated, setting forth the liens

and priorities in accordance with the findings of said commissioner's report, which several sums of money, with their respective interests, were thereby decreed and ordered to be paid out of the proceeds of said real and personal estate in the order of their priority, and to the persons thereinbefore stated, and so far as said property or the proceeds thereof should prove sufficient; providing that if any sums of money, or any material part or parts of any such sums, had been paid, or should be thereafter paid, by persons occupying the relation of surety to said Allender, in all such cases such surety or sureties should be substituted to the rights of the creditors to whom or for whose benefit such surety made such payment, and be entitled to receive of the proceeds of said property, real or personal, to the same extent as such creditors would have done but for such payment; and special commissioners therein appointed were directed to advertise and sell said property upon the terms therein prescribed.

On the 13th day of October, 1887, said special commissioners so appointed having returned their report of the sale of said property, and there being no exceptions thereto, the same was confirmed; and it appearing from said report that the sum of five thousand three hundred and five dollars was realized from the sale of said real estate, and seventy two dollars and fifty five cents from the sale of said personalty, said special commissioners were directed to collect the proceeds of said sales, and, after deducting costs and commissions on said sales, they were directed to pay the costs of a chancery suit brought by William I. Protzman *et al.,* to enforce the mechanics' liens against the real estate mentioned in this cause, before this cause was brought, and then to pay the residue of the proceeds of said sale of said real estate to the lien-creditors in the order of their priority, as set forth and ascertained in the decree of sale aforesaid, and to apply the proceeds of said personal estate to the debt of two hundred and eighty six dollars and fifteen cents due to Crawford & Co., secured in the trust-deed to P. II. Keck, trustee.

On the 2nd day of March, 1888, said Thornton Pickenpaugh and Isaac S. Reed filed their petition for a rehearing,

in which they allege that they were made parties defendants in said suit of P. H. Keck, trustee, against Elisha C. Allender and others, which is still pending in said court, and were duly served with process, but so far had not appeared in the case except to save costs by accepting process, and agreeing that the case might be expedited by reference to a commissioner and the appointment of a receiver;— that, as alleged in the bill, they had filed their respective accounts and mechanics' liens, which accounts were just and truly stated against the said Allender and his real estate, and which constituted about the first lien on his real estate which remains unpaid under the statute in such case made and provided; that within the time required by said act they had instituted their suit in equity to preserve and enforce their said liens, which is also pending in said court; —that petitioners, feeling and knowing that they had thus acquired the prior liens against said real estate, and that their debts were secured to them, and supposing and believing that their said liens had been properly and correctly reported by said Commissioner Dent, and given their proper priority, rested easy about the matter, and did not discover, until after the sale had been made (under the decree in said cause) and confirmed, that the said commissioner had made a plain mistake against them in reporting their said liens, by reporting and fixing the same to begin and attach from the date or time only, when their said accounts were filed in the clerk's office of the County Court of said county, instead of from the time work and labor were performed and the materials furnished, etc., mentioned and set out in their respective accounts as provided and secured to them by said act, and in reporting theirs as the fourth instead of the second lien against said real estate, as they in fact were and still are;—and that there is also a plain error against petitioner Pickenpaugh as to his own account in the decree for sale, and decree confirming the same, in allowing him only two hundred and forty three dollars and ninety cents instead of three hundred and forty three dollars and ninety cents, as reported by Commissioner Dent.

They aver that, by reason of the said error appearing on

the face of said commissioner's report, they will, if the same be not corrected, lose a considerable part of their said debts as the proceeds of said real estate, after discharging the liens prior to theirs as so erroneously reported by said commissioner, would be insufficient to pay their said debts by several hundred dollars.

They pray that the said cause of Keck, trustee, against Allender and others, may be reheard and reviewed, and the said error so appearing on the face of said commissioner's report and decrees be corrected, and so much of the decree in said cause of the October term, 1887, confirming the said sale, as directs the commissioners who made said sale to pay out of the proceeds to come into their hands the second and third liens as reported by said commissioner before paying the petitioner's said liens, be also corrected and set aside, and the rights of the petitioners in the premises protected and reserved unto them ; and they prayed further that the said Philip II. Keck, trustee, and the defendants, naming them, other than the petitioners, be made parties defendant to said petition, and for general relief.

Afterwards, on the 14th day of June, 1888, said Pickenpaugh and Isaac S. Reed by their counsel moved the court to correct certain errors against them, appearing, as they alleged, on the face of the proceedings in said suit in equity of Keck, trustee, against E. C. Allender and others, said alleged errors being set forth in a notice of said Pickenpaugh and Reed which they claimed to have served on Philip II. Keck, trustee, W. B. Long, W. I. Vandervort, L. V. Keck and George C. Baker ; and the court not being advised of its judgment in that behalf, took time to consider the same.

On the 8th day of October, 1889, Philip II. Keck, trustee, William I. Vandervort, and W. B. Long appeared in court and demurred to said petition or bill of review, and filed their joint answer thereto.

On the 9th day of October, 1889, the said Pickenpaugh and Reed filed their joint answer to the plaintiff's bill, to which plaintiff replied generally. On said answer exceptions in writing were indorsed, but in the final decree of the 17th day of October, 1889, said exceptions were not noticed.

The case was further heard on the 17th day of October, 1889, and the court held that there was an error apparent on the face of Commissioner Dent's report in stating and reporting the mechanics' liens of said Pickenpaugh and Reed as the fourth instead of the second lien against the real estate of the said Allender, which it was the duty of the court to correct, and also an error appearing on the face of the decree of sale and the confirmation of the same of one hundred dollars against the said Pickenpaugh, in stat-ing and decreeing the sum only of two hundred and forty three dollars and ninety cents instead of three hundred and forty three dollars and ninety cents, and that it was compe-tent and proper to correct the said errors in said proceed-ing; and it was decreed that the said errors be corrected accordingly, and that the commissioners, who made the sale, out of the proceeds then in their hands, or to come into their hands, do pay to the said Pickenpaugh and Reed respectively, or their assignees, as the second lien, their said claims as corrected, and that they apply the residue of said proceeds to the other liens against said property as reported and settled by the former decrees and as thereby corrected; and from this decree William B. Long and William I. Van-dervort obtained this appeal.

The first question I shall consider in the determination of this case is whether the petition filed by the defendants Pickenpaugh and Reed, and treated in the decree com-plained of as a bill of review, contains the characteristics of a bill of review, and should have been filed and treated as such.

There are but two causes for which a bill of review will be admitted or allowed, and they are either error in law appearing on the face of the decree without further examination of matters in fact, or some new matter which has arisen in time after the decree, and not any new proof which might have been used when the decree was made; but upon new proof that has been discovered, after the decree was made, which the party could not have known by the use of reasonable diligence, a bill of review may be grounded or admitted by leave of the court, and not otherwise.

As is stated in Bart. Ch. Pr. p. 332. "A bill of review lies only under one or both of the circumstances of error in law appearing in the body of the decree without further examination of matter in fact, or because of some new matter which has arisen since the decree, and not of any new proof which might have been used when the decree was made, although a bill may be grounded upon proof of matter existing before the decree, but which could not possibly have been used when the decree was made. In other words, the two circumstances are—*First*, for error apparent upon the face of the decree; and, *secondly*, upon discovery of new matter."

Story, Eq. Pl. § 404, propounds the law as follows: "There are but two cases in which a bill of review is permitted to be brought, and these two cases are settled and declared by the first of the ordinances in chancery of Lord Chancellor BACON, respecting bill of review, which ordinances have never been departed from. It is as follows: 'No decree shall be reversed, altered, or explained, being once under the great seal, but upon bill of review; and no bill of review shall be admitted except it contain error in law, appearing in the body of the decree, without further examination of matters in fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made. Nevertheless, upon new proof that is to come to light after the decree was made, which could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise. So that from this ordinance a bill of review may be brought—*First*, for error of law ; *secondly*, upon discovery of new matter.'"

At section 414 the author says : "In the next place, another qualification of the rule, quite as important and instructive, is that the matter must not only be new, but it must be such as the party, by the use of reasonable diligence, could not have known; for if there be any laches or negligence in this respect, that destroys the title to the relief."

As to what is meant by an error apparent on the face of

the decree, Bart. Ch. Pr. (volume 1, p. 334) states the law thus: "The error complained of must be apparent on the face of the decree and the pleadings, for the evidence in the case at large can not be examined to ascertain whether the court misstated or misunderstood the facts; nor is it at all ground of review that the matters decreed are contrary to the proofs in the case, or that the court decided wrongly on a question of fact; but for the purpose of examining all errors of law, the bill, answer, and other proceedings are in our practice as much a part of the record before the court as the decree itself; for it is only by a comparison with the former that the correctness of the latter can be ascertained, and all these may be looked into to find errors on the face of the decree."

A bill of review forms no part of the proceedings in the original cause, but is offered after the suit is completely ended. See *Bowyer* v. *Lewis*, 1 H. & M. 554. BROOKS, J., in *Parker* v. *Dillard*, 5 Va. Law J. 389, defines error of law apparent on the face of the decree as error appearing in the record exclusive of the evidence.

The petition under consideration, if it is to be regarded as a bill of review, must be regarded as having been filed for errors of law upon the face of the decree; otherwise it would have contained allegations as to evidence which had been newly discovered, and it must have been accompanied by an affidavit that the new matter could not be produced or used by the party claiming the benefit of it in the original cause, which affidavit must also state the nature of the new matter, in order that the court might exercise its judgment upon its relevancy and materiality. See Story, Eq. Pl. § 412. No affidavit of this character has been filed, and consequently we must regard said bill of review as filed for errors of law apparent on the face of the decree.

Keeping in view these principles which the law prescribes with reference to bills of review, let us see whether such errors of law are made to appear from the pleadings, proceedings, and the face of the decree complained of as would authorize the correction which was subsequently made by said Circuit Court.

Looking to the plaintiff's bill, we find it alleges that the

plaintiff finds standing on the mechanic's lien docket three several unreleased mechanics' liens on said real estate— one in favor of James P. Berkshire for one hundred and thirty eight dollars and eighty two cents, recorded on the 2nd day of October, 1883, exhibiting a certified copy thereof; another in favor of Thornton Pickenpaugh for three hundred and sixty one dollars and fifty six cents, recorded on the 29th day of September, 1883, a certified copy of which is exhibited; and another in favor of Isaac Reed for two hundred and forty eight dollars and twelve cents, recorded on the 17th day of October, 1883, a copy of which is also exhibited. The Code of 1887 (chapter 75, § 13) provides that "when a debt secured by such lien is fully paid at any time after such creditor shall have filed his account in the office of the clerk of the County Court, such creditor shall cause the clerk to enter a discharge of such lien in the margin of the book in which such account is entered; and immediately opposite thereto, or shall execute a release thereof, which may be recorded in the book in which the account is entered."

The allegation in the bill that plaintiff finds standing on the mechanic's lien docket three several unreleased mechanics' liens means that, so far as appears from the record they appear to be unreleased as required by the statute above quoted, so far as appears by the mechanic's lien docket, because, if said parties claiming said liens had discharged the same by failing to bring suit within six months after the account was filed with the clerk, the fact would not appear by the mechanic's lien docket, or by any other matter of record, but might be shown by extraneous evidence.

Section 11 of chapter 75 of the Code of 1887 provides that, unless a suit to enforce such lien is commenced within six months after the person desiring to avail himself thereof shall have filed his account in the clerk's office as hereinbefore provided, such lien shall be discharged, but a suit commenced by any person having such a lien shall, for the purpose of preserving the same, inure to the benefit of all other persons having a lien under this chapter on the same property.

Now, it will be perceived from the record that these mechanic's liens of Pickenpaugh and Reed were filed in the clerk's office of said county in September and October, 1883, and, so far as appears from the record and proceedings in this cause, no suit was brought by either of them in six months thereafter to enforce said liens; neither does it appear that any person having a mechanic's lien on the same property brought a suit to enforce his mechanic's lien within six months after he acquired the same, or so as in any manner to inure to the benefit of said Reed or Pickenpaugh, so as to preserve their said liens. The only reference to any such suit appears in the decree in that portion thereof directing the disbursement of the proceeds of the sale of the real estate in the bill mentioned. Said commissioners were directed "to pay the costs of the chancery suit of *Wm. I. Protzman et al.* against *E. C. Allender, et al.,* brought to enforce the mechanics' liens of said Protzman and others against the real estate in the bill and proceedings mentioned in this cause, and before this cause was brought and instituted."

It nowhere appears when said Protzman acquired his lien, or whether said lien was valid, or when said suit was instituted—whether in time to preserve his lien or not; nor does it appear that either Pickenpaugh or Reed were parties to that suit. Said Pickenpaugh and Reed, in their petition, allege that within the time required by said act they instituted their suit in equity to preserve and enforce their said liens, which is also pending in said court. They, however, do not allege when said suit was brought, in order that the court may judge as to whether the requirements of the law have been complied with; neither do said facts appear on the face of the decree and proceedings.

Returning, then, to the question as to whether said petition, when considered as a bill of review, is sustained by the record of the case sought to be thereby reviewed, we again revert to the fact that said bill of review is not predicated upon any newly-discovered evidence, but relies solely upon errors of law, and upon such a bill it is not allowable to look into the evidence of the case in order to show the decree to be in error as to its statement of facts;

and if the decree does not contain a statement of facts on which it is based, there can be no relief by bill of review; an appeal is the remedy. See *Nichols* v. *Heirs of Nichols*, 8 W. Va. 178, point 8 of syllabus.

In order that the said bill of review should be sustained it was necessary that it should appear from the face of the decree and the pleadings, not only that said plaintiffs in the said petition had valid and subsisting liens by reason of having complied with the requirements of the statute in reference to mechanics' liens, but that the court had committed an error in ascertaining the priority of the liens to the prejudice of the plaintiffs. The report of the commissioner in this case was unexcepted to, and under the ruling of this Court will be presumed to be correct, not only as to the principles of the account, but as to the evidence also.

In *Ward* v. *Ward,* 21 W. Va. 262, it was held that a commissioner's report rightly referred, on the face of which no error appears, will be presumed by the court as admitted to be correct by the parties, not only so far as it settles the principles of the account, but also in regard to the sufficiency of the evidence upon which it is founded, except in so far and to such parts thereof as may be objected to by proper exception taken thereto before the hearing; and the court at the hearing is bound to observe the rules of equity practice; and it is error in the court at the hearing to re-model and re-state the whole account stated in such report, and enter a decree on its own statement, without reference to the account stated by the commissioner, or the action of the parties in excepting or nonexcepting thereto. See *Thompson* v. *Cutlett,* 24 W. Va. 525; *Lynch* v. *Henry,* 25 W. Va. 416.

In sustaining said bill of review, therefore, and the action of the court thereon, the plaintiffs were not only bound to show the existence of their liens from the decree and pleadings, but also to overcome said presumption as to the correctness of said commissioner's report which was unexcepted to, which they have failed to do. It is true the said Pickenpaugh and Reed, on the 9th day of October, 1889, filed their joint answer, in which they set forth, in substance, what was contained in said petition with reference

to filing their mechanics' liens, and instituting a chancery suit in time to preserve their liens; but in our opinion said answer was filed too late to delay the cause until evidence could be taken.

This Court held, in the case of *Wyatt* v. *Thompson*, 10 W. Va. 645: "Where defendants have had ample time to make a particular defence to a suit, and have not done so and show no reason why they have not before made such defence, they can not be permitted to come in at the last moment and raise such defence, and have the cause sent back to a commissioner or otherwise delayed; but the answer raising such defence may be filed, although under such circumstances it can not delay the hearing of the cause."

In the case of *Marling* v. *Robrecht*, 13 W. Va. 440, this Court held: "Where there are various liens on land of a judgment debtor, it is error to decree a sale of the lands without first ascertaining the amount of the liens and their priorities, for the reason that to decree such sale before ascertaining the amount of the several liens and their respective priorities has a tendency to sacrifice the property, by discouraging the creditors from bidding as they probably would if their right to satisfaction of the debts, and the order in which they were to be paid out of the property, had been previously ascertained."

In the case under consideration the amounts and priorities of the liens against the real estate had been ascertained and reported by a commissioner before whom said Pickenpaugh and Reed had ample opportunity of appearing, and said commissioner's report had been approved and confirmed by the court without exception, and a sale of said real estate had been made, the sale reported and confirmed, and a disbursement of the proceeds directed by the commissioners who made the sale, before said Pickenpaugh and Reed presented their petition; and yet the court below in the decree complained of corrected and changed the priorities of the liens on said realty, and directed the commissioners who made said sale, in making their disbursement, to do so in accordance with the order of priority as thereby corrected.

This ruling of the court we must regard as erroneous, for the reasons hereinbefore stated.

As to the error suggested in the notice in stating the amount of Pickenpaugh's lien at two hundred and forty three dollars and ninety cents instead of three hundred and forty three dollars and ninety cents, as reported by the commissioner, this must be regarded as a clerical error in drafting the decree, and as the aggragate of the two liens was properly stated, and there was something on the face of the decree by which it could be properly corrected, I think it was properly corrected.

The decree of October 17, 1889, in other respects must be reversed, for the reasons above stated, and the cause remanded to the Circuit Court of Monongalia county for further proceedings to be had therein.

REVERSED IN PART.    REMANDED.