# Richmond.

MOOMAW AND OTHERS v. JORDAN AND OTHERS.

January 13, 1916.

Absent, Cardwell, J.

1. JUDGMENTS—*Interest of Debtor—Contemporaneous Deed of Trust to Secure Purchase Money.*—Where a purchaser, contemporaneously with the execution and delivery of the deed to the land sold, executes and delivers to the vendor a deed of trust thereon to secure the purchase money, the two conveyances are to be regarded as parts of one transaction, and the vendee acquires temporary seisin only, and not such a beneficial interest in the land as may be subjected to the lien of a judgment until the deed of trust is satisfied.

2. JUDGMENTS—*Res Judicata—Collateral Attack.*—A final decree, however erroneous it may be, is conclusive upon the parties and is not amenable to collateral attack. A final decree involving error in judgment in the determination and application of facts can only be corrected on appeal.

Appeal from a decree of the Circuit Court of Montgomery county. Decree for the complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Jno. C. Moomaw, R. C. Jackson* and *C. B. & H. M. Moomaw,* for the appellants.

*Kime, Fox & McNulty,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

On March 1, 1907, O. N. Moomaw, one of the appellants, sold and conveyed a tract of ninety-seven and seven-tenths acres of land, situated in Montgomery county, to John C. Weddle.

for $1,455.50, of which sum $275 were paid in cash and five notes were taken for the residue. The credit instalments were secured by a contemporaneous deed of trust on the land, with D. H. Barger, the other appellant, as trustee. The deed from Moomaw to Weddle was recorded May 29, 1907, and recited that the deferred payments were secured by a deed of trust on the land conveyed, but the deed of trust was not recorded until May 20, 1910. Weddle subdivided the original tract of ninety-seven and seven-tenths acres into lots and sold them from time to time to various purchasers, Dabney Jordan and Felix Dow, the appellees, ultimately becoming the owners of two of the lots, each containing ten acres. In June, 1910, Adams, Payne & Gleaves, Incorporated, a judgment creditor of Weddle, filed a lien creditor's bill in Montgomery county circuit court against Weddle, Moomaw, Barger trustee and purchasers from Weddle, to subject certain lots in the hands of. Weddle's alienees to the lien of its judgment, and an account of lands, with the liens thereon and their priorities, was ordered.

The commissioner reported the judgment of Adams, Payne & Gleaves, Incorporated, and other judgments against Weddle as liens on three parcels of land, including the two ten-acre lots now owned by the appellees, prior in dignity to the lien of Moomaw's deed of trust, the theory of the commissioner being that the judgments were recovered and docketed before the deed of trust was recorded.

Appellants excepted to the report on other grounds, but did not except to the commissioner's finding that the judgments were entitled to priority over the deed of trust with respect to the above-mentioned three lots. The circuit court sustained the exception to the report, but confirmed it in all other particulars, and sold the three lots and applied the proceeds towards the discharge of the judgments. More than three years afterwards Moomaw filed a petition for a rehearing, which was denied, and at the same time a final decree was entered in the creditors' suit, from which decree no appeal was taken. Subsequently, on

August 25, 1914, appellants advertised the two lots belonging to appellees for sale to pay the balance due on the deed of trust, but the sale was injoined, and from the decree of February 22, 1915, perpetuating the injunction and directing that the deed of trust be released and marked satisfied so far as it affected appellees' lots, this appeal was granted.

It was admitted that the commissioner and court erred in allowing priority to the judgments over the deed of trust on the lots in controversy. That ruling contravenes the established doctrine that where a purchaser contemporaneously with the execution and delivery of the deed to land sold, executes and delivers to the vendor a deed of trust thereon to secure the purchase money, the two conveyances are to be regarded as parts of one transaction and the vendee acquires temporary seisin only, and not such a beneficial interest in the land as may be subjected to the lien of a judgment until the deed of trust is satisfied. The same is true with respect to dower—it does not attach in such circumstances. *Summers* v. *Darne,* 31 Gratt. (72 Va.) 791; *Sinclair* v. *Sinclair,* 79 Va. 41; *Cowardin* v. *Anderson,* 78 Va. 88, 90; *Coffman* v. *Coffman,* 79 Va. 508; *Straus* v. *Bodeker,* 86 Va. 548, 10 S. E. 570; *Charlottesville Hardware Co.* v. *Perkins, ante,* p. 34, 86 S. E. 869; 1 Minor on Real Property, sec. 269.

The appellants were parties to the lien creditors' suit from the time of its institution until it was finally disposed of, and knew all the facts disclosed by the record, yet they stood by and suffered the commissioner's report to be confirmed without exception, which subordinated their deed of trust to judgments against Weddle, and, furthermore, they permitted the lots to be sold, the sales confirmed, the purchase money paid and distributed, and deeds made to the purchasers. It is true that in February, 1914, Moomaw filed a petition to rehear the decree of the special March term, 1911, but the petition was dismissed and at the same term the creditors' suit was dismissed, all the objects for which it was instituted having been accomplished.

From that final decree no appeal was taken, and however erroneous it may have been it is conclusive upon the parties, and is not amenable to collateral attack. This is even a stronger case for non-interference than *Phipps* v. *Wise Hotel Company,* 116 Va. 739, 82 S. E. 681. In that case the errors, if correctable at all, could have been reached by bill of review, but here it is sought to attack collaterally a final decree involving error in judgment in the determination and application of facts, and such error can only be corrected on appeal. *Rawlings' Ex'or* v. *Rawlings,* 75 Va. 76.

We find no reversible error in the decree appealed from, and it must be affirmed.

*Affirmed.*