# Wytheville.

## HOLLAND JONES COMPANY v. J. T. SMITH AND OTHERS.

June 13, 1929.

The opinion states the case.

*Holland & Woodward*, for the appellant.

*Holland & Lovelace, S. E. Everett, Saunders & Hutton, F. C. Harding, Molker, Peters & Kelly* and *John N. Sebrell*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This case is before us on appeal from the Circuit Court of Nansemond county. The bill is filed by appellant to subject certain lands alleged to be the lands of J. T. Smith to the payment of a judgment against Smith, recovered by Swift and Company and assigned to appellant.

The case displayed by the record is as follows: In October, 1921, Swift and Company recovered a judgment against J. T. Smith for the principal sum of $736.50, which judgment was duly docketed in the clerk's office of Nansemond county on the 24th day of October, 1921. On the 8th day of September, 1922, this judgment was assigned for value to appellent. By deed of bargain and sale, dated February 21, 1923, Mrs. Susie E. Bell and Charles D. Bell, her husband, conveyed to J. T. Smith and D. T. McLawhorn a parcel or tract of land containing three hundred acres, situated in the county of Nansemond, for the purchase price of $12,290.00. Six thousand dollars was paid in cash and a deed of trust was executed by the vendees upon the property conveyed to S. E. Everett, trustee, to secure the deferred payment due ninety days after date. The sum of $6,000.00, representing the cash payment to Mrs. Bell, was paid by Charles McLawhorn, the father of D. T. McLawhorn and uncle of J. T. Smith. To secure the sum of $3,000.00,

his half of the cash payment, J. T. Smith and wife executed to S. E. Everett, trustee for Charles McLawhorn, a deed of trust upon the property conveyed by Mrs. Bell.

It appears in evidence that at the time of the execution of the deed of trust to secure the unpaid purchase money due Mrs. Bell, that this indebtedness was to be discharged in ninety days, and that S. E. Everett, who represented all interested parties, would apply to the Shenandoah Valley Joint Stock and land bank for a loan of $8,000.00, "to help out in this purchase price."

It was further understood between the parties that in the event the loan could not be secured from the land Bank, Charles McLawhorn would secure the necessary funds. Everett made application to the land bank for a loan but only succeeded in getting the sum of $4,500.00, to secure which a deed of trust was given upon the Bell property by Smith and wife and D. T. McLawhorn; the residue of the money representing the purchase price of the property was furnished by Charles McLawhorn who took a second deed of trust upon the property, and the temporary deeds of trust were released.

It is the contention of appellant that the judgment (now owned by it) of Swift and Company is the first and prior lien on the one-half undivided interest owned by J. T. Smith in the property conveyed by Mrs. Susie Bell. On the other hand, Charles McLawhorn and the Shenandoah Valley Joint Stock and Land Bank contend that the judgment is subordinate to the debts secured by the two deeds of trust, because the money advanced by them represented the purchase price actually paid by them to Mrs. Bell for the one-half interest of J. T. Smith in the property.

The learned judge of the circuit court held that J. T. Smith had no interest in the land that would be subject to the judgment now owned by the Holland Jones Company, Inc., and that the conveyance to Charles McLawhorn and the deed of trust held by the land bank "were both in legal effect given to secure the purchase price of the property."

The sole question in this case is whether or not the deed of trust to the Staunton bank, dated July 5, 1923, recorded August 2, 1923, constituted a part of the same transaction in which Mrs. Bell conveyed the three hundred acres of land to J. T. Smith and D. T. McLawhorn by deed dated February 21, 1923, and recorded March 7, 1923.

It is a well settled principle that where a purchaser, contemporaneously with the execution and delivery of the deed to the property sold, executes and delivers to the vendor a deed of trust thereon to secure the purchase money, the deed of bargain and sale and the deed of trust are to be regarded as parts of one transaction, and the vendee acquires temporary *seisin* only, and not such a property right as may be subjected to the lien of a judgment until the deed of trust debt is discharged. *Moomaw* v. *Jordan*, 118 Va. 414, 87 S. E. 569, 49 L. R. 427.

It is an established fact that J. T. Smith never put any money in the property purchased from Mrs. Bell. This being true, the general rule is "that where no statutory enactment intervenes, the judgment creditor can acquire no better right to his debtor's estate than the latter himself has." *Summers* v. *Darne*, 31 Gratt. (72 Va.) 791.

It is contended, however, by appellant that this rule does not apply to the instant case, because the registry act, section 5192 of the Code, does intervene.

We cannot concur in this contention. The question under consideration is not affected by the provisions of section 5192 of the Code, but must be determined by the application of the purchase price rule. In applying this rule, it is not necessary that we reach the conclusion that all of the conveyances were executed simultaneously. As a matter of fact, Charles McLawhorn and the land bank did not receive their deeds of trust until several months after the conveyance by Mrs. Bell. This situation in no wise affects the legal status of the parties.

In 19 R. C. L., section 196, it is said: "The deed of mortgage need not be executed at the same moment, nor even on the same day, to make them contemporaneous, provided they were parts of one continuous transaction and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties."

In *Wheatey's Heirs* v. *Calhoun*, 12 Leigh (39 Va.) 264, 37 Am. Dec. 654, the question involved was the right of the widow to claim dower in the land conveyed to her husband who in turn had executed a deed of trust upon the land to secure the purchase price thereof. In holding that the deed of trust was paramount to the widow's right of dower, Tucker, P., said: "Though it does not appear to have been executed at the same time with the deed of conveyance to them, yet it was so called for, and the two instruments must, therefore, in equity, be regarded as parts of the same transaction."

The criterion, therefore, is not the respective dates of the deed of conveyance and the mortgage, but whether or not they are parts of one continuous transaction and so intended by the vendee and the trust creditor. While it is true in the instant case

that no formal agreement was entered into, it clearly appeared that it was the intention of all parties that the deed of trust executed to secure Mrs. Bell was a mere temporary arrangement, and that the purchase price was to be advanced by the land bank and Charles McLawhorn. Everett testified that he represented all the parties; that on the same day the papers in the original transaction were passed, he applied to land bank for the money to take care of the Bell deed of trust. Everett further testified thus:

"Q. Did I understand you to say February 21, 1923, the date of the deed of trust, the two deeds of trust, one to Mrs. Bell and one to Mr. McLawhorn, you applied at that time to the land bank?

"A. That same day, while they were in my office I had the application filled out and mailed to the bank.

"Q. At whose suggestion, or request, was that done?

"A. Well, I could not say exactly. I was doing all I could to raise the money, and we were going to try to get if from the joint stock and land bank.

"Q. Was that done in entire agreement between the parties?

"A. Certainly, I said they did, because they knew that I would try to borrow from the joint stock land bank.

"Q. Was the matter of the loan from the joint stock land bank consummated by this deed of July 5th, part of the agreement?

"A. It was the understanding that day if I could not get it there I was to get it somewhere else."

From the foregoing statement of facts, it clearly appears that it was the primary intention of the parties not to secure a mere loan for the benefit of Smith, but to take care of the deferred payment due Mrs. Bell. J. T. Smith never had any interest in the property to

which the lien of appellant could attach. Pursuant to the original scheme, the deeds of trust executed in favor of the land bank and Charles McLawhorn were in legal effect given to secure the purchase price of the property.

The judgment creditor has no just ground of complaint. All it is entitled to subject to the payment of its lien is the equity of redemption owned by Smith. We conclude, therefore, that the right and justice of the case is with the appellees, and that the decree of the circuit court should be affirmed.

*Affirmed.*